05-22030.ol

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 05-22030-CIV-BROWN

**THIS IS A CONSENT CASE**

DONNA WHITE,

    Plaintiff,

vs.

NCL AMERICA, INC. &
NORWEGIAN CRUISE LINE LIMITED,
a Bermuda Corporation, etc., et al.

    Defendants.

_____/

**ORDER ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S**
**(SECOND) AMENDED COMPLAINT AND EMOTIONAL DISTRESS CLAIM OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY FINAL JUDGMENT**

**This matter** is before this Court on Defendants' Motion to Dismiss Plaintiff's(Second) Amended Complaint and Emotional Distress Claim or, in the Alternative, Motion for Summary Final Judgment, filed December 20, 2006. The Court has considered the motion, the response, the reply and all pertinent materials in the file. The Court declines to exercise its discretion to treat Defendants' motion one for summary judgment, for several reasons, including the fact that the procedure required by Local Rule 7.5 has not been followed.

In ruling on a motion to dismiss, the Court must take all well-pleaded facts in the complaint and all reasonable inferences which can be drawn therefrom as true, and in the light most favorable to Plaintiff. Arango v. Department of Treasury, 115 F.3d 922, 923 (11th Cir. 1997). Plaintiff is only

1

required to make a "short and plain statement of the claim." Fed.R.Civ.P. 8(a)(2). The court should not dismiss the complaint for failure to state a cause of action unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts that would support a claim for relief. <u>Harper v. Blockbuster Entertainment Corp.</u>, 139 F.3d 1385, 1387 (11th Cir. 1998).

Defendant initially argues that Plaintiff has again failed to state a claim for negligence (Count II) because she has improperly stated the duty of care owed by Defendants. Plaintiff alleges the duty of care as follows:

> 27. A common carrier must exercise the highest degree of care towards passengers consistent with its mode of conveyance [sic] practical operation and has a duty to take reasonable action to protect passengers against unreasonable risk of physical harm.
>
> 28. When a common carrier is on notice that a passenger is disabled or infirm, it must exercise a higher degree of attention and care for that passenger than for passengers who are in good health.
>
> 29. In recognition of its duty, NCL and NCL America assumed a duty to provide a facility that was safe and usable for a person with a disability, and that would not be a threat to his or her safety.
>
> 30. By providing doors that were very heavy for use by a person with a disability, and clothes rods which were mounted far in excess of the reach of a wheelchair user or a person of short stature at approximately 72 inches off of the floor, NCL and NCL America placed Plaintiff, DONNA WHITE, in a zone of danger because they knew or should have known such facilities were dangerous for use by a person with a disability, such as DONNA WHITE.
>
> 31. By providing very steep ramps, thresholds, and heavy doors throughout the vessel, NCL and NCL America aggravated the injury caused by the room that was not suitable for a person with a disability.

In a case involving allegations of negligence by a cruise line on navigable waters, maritime law is applicable. Under maritime law, "the owner of a ship in navigable waters owes to all who are on board for purposes not inimical to his legitimate interests the duty of exercising reasonable care under

the circumstances of each case." Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625, 632 (1959). Because maritime law provides the court with the standard of the duty of care that a cruise line owes to its passengers, the state law relative to common carriers cited by Plaintiff is inapplicable, as is the standard applied by the court in American President Lines Ltd. v. Lundstrom, 323 F.2d 817 (9th Cir. 1963), which relies on a case which, in turn, relied on pre-Kermarec law. See Everett v. Carnival Cruise Lines, 912 F.2d 1355, 1358 (11th Cir. 1990).

The Court agrees that Plaintiff's allegations seek to create a duty on the part of the Defendants which is greater than that supported by the case law. Because Plaintiff has not alleged the proper standard of care, the count should be dismissed without prejudice. See Doe v. Celebrity Cruise Lines, 145 F. Supp. 2d 1337, 1347 (S.D. Fla. 2001); see also Stires v. Carnival Corp., 243 F. Supp. 2d 1313, 1318 (M.D. Fla. 2002).

Defendants additionally argue that Plaintiff is improperly relying on ADA standards to attempt to state a negligence claim. As Judge Seitz noted in the Court's prior Order,

> Plaintiff may not use the ADA's standards alone to impose a duty on the Defendants. This is not to say that a disabled person can never bring a common law action arising from injuries caused by negligent conduct in the context of public accommodation. Rather, to do so a plaintiff must identify a recognized duty at common law, independent of the ADA standards.

2006 WL 1042548 at *6. Plaintiff alleges that Defendants were negligent by "providing doors that were very heavy for use by a person with a disability, and clothes rods which were mounted far in excess of the reach of a wheelchair user or a person of short stature at approximately 72 inches off of the floor," and by "providing very steep ramps, thresholds, and heavy doors throughout the vessel." The Court finds that the first allegation, which concerns the conditions in Plaintiff's cabin, is properly made in support of a negligence claim, as long as Plaintiff alleges the proper common law

3

duty of care. It remains to be seen whether such actions on the part of the cruise line would indeed constitute a failure to exercise due care under the circumstances. On a motion to dismiss, the Court must not determine whether Plaintiff "will ultimately prevail but whether [Plaintiff] is entitled to offer evidence to support the claims." Sawinski v. Bill Currie Ford, Inc., 866 F. Supp. 1383, 1387 (M.D. Fla. 1994). The second allegation, concerning aggravating the initial injury on other areas of the ship, appears to attempt to allege liability solely on the basis of a violation of the ADA regulations, rather than on the failure to exercise "reasonable care under the circumstances." Because Judge Seitz has already determined that this is improper, that allegation should be removed from the complaint.

Finally, Defendants argue that Plaintiff has failed to state a claim for emotional distress under the general maritime law, because Plaintiff does not pass the "zone of danger" test. This test "allows for the recovery [for] emotional injury if the plaintiff was placed in the immediate risk of physical harm by the defendant's negligent conduct." Hutton v. Norwegian Cruise Line Ltd., 144 F. Supp. 2d 1325, 1327 (S.D. Fla. 2001). Because Plaintiff's complaint alleges that she was physically injured by Defendants' negligence and that she suffered emotional distress, she falls within the "zone of danger."

Therefore, and the Court being otherwise fully advised in the premises, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiff's(Second) Amended Complaint and Emotional Distress Claim or, in the Alternative, Motion for Summary Final Judgment be and the same is hereby **GRANTED**, in part, to the extent that Count II is hereby **DISMISSED**

**WITHOUT PREJUDICE**. The Motion is **DENIED** in all other respects.

**DONE AND ORDERED** this 5th day of February, 2007 at Miami, Florida.

STEPHEN T. BROWN
U.S. MAGISTRATE JUDGE